**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**TUYEN N. PHAN and MICHAEL PHAN**,

                      Plaintiffs,

vs.                                     Case No. 3:09-cv-328-J-32TEM

**ACCREDITED HOME LENDERS HOLDING CO.**
also known as Accredited Home Lender, Inc., and
Home Fund Directs, Inc., **VERICREST FINANCIAL,**
**INC.**, formerly known as the CIT Group/Sale
Financing Inc., **EXPERIAN INFORMATION**
**SOLUTIONS, INC**., and **EQUIFAX, INC.**

                      Defendants.

_____

## ORDER

      This case is before the Court on <u>pro</u> <u>se</u> Plaintiffs Tuyen N. Phan and Michael

Phan's (hereinafter, Mrs. and/or Mr. Phan, or collectively, the Phans) Amended

Complaint (Doc. 9), Defendant Vericrest Financial, Inc.'s (Vericrest) Motion to Dismiss

(Doc. 22) as amended by Doc. 47, and Plaintiffs' Motion to Respon[d] and

Memorandum of Law in Opposition to Vericrest Financial, Inc.'s Motion to Dismiss

(Response in Opposition) (Doc. 29).

## I.  Legal Standard

      When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court

must accept all factual allegations in the complaint as true and construe them in the

light most favorable to the plaintiff.  <u>Castro v. Sec'y of Homeland Sec.</u>, 472 F.3d 1334,

1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 89 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation and quotation omitted). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Id. (citation and quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citation and quotation omitted). Additionally, because the plaintiffs are proceeding pro se, their pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Yet, the Court cannot plead the Phans' case for them; in any event, the Phans, having filed

2

fifteen cases in this Court within the past forty-eight months,[1] are experienced litigants.

## II. Facts

According to the Amended Complaint, on or about September 26, 2006, Mrs. Phan entered conversations with an agent of defendant Accredited Home Lender, Inc. regarding obtaining a mortgage loan. (Doc. 9 ¶ 17). Subsequent to these conversations, "Mrs. Phan entered into a buyer and seller contractual relationship with D. R. Horton, Inc. . . to purchase. . . a certain condominium parcel for personal, family or household use, to wit: a condominium situated at 9401 Osprey Branch Trail Unit 9. . . from D.R. Horton. . . ." (Doc. 9 ¶ 31). As part of this purchase transaction, "Home Funds Direct [based on the Amended Complaint, Home Funds Direct is an alias or corporate alter-ego of defendant Accredited Home Lender, Inc.] agreed to. . . arrange, and did so arrange, for Defendants Accredited Home Lenders to extend credit to Mrs. Phan." (Id.). On October 6, 2006, during the negotiation process, defendant Home Funds Direct prepared and subsequently provided to Mrs. Phan a Good Faith Estimate of the charges which Mrs. Phan would likely incur at the

_____

[1]Mr. and/or Mrs. Phan have filed the following cases with this Court: 3:07-cv-85-J-20HTS, 3:07-cv-848-J-33JRK, 3:07-cv-849-J-16HTS, 3:07-cv-850-J-33TEM, 3:08-cv-128-J-34HTS, 3:08-cv-129-J-33MCR, 3:08-cv-130-J-16HTS, 3:08-cv-279-J-33JRK, 3:08-cv-295-J-34HTS, 3:08-cv-781-J-34JRK, 3:08-cv-990-J-25JRK, 3:08-cv-1045-J-32HTS, 3:09-cv-1190-J-32MCR, 3:10-cv-250-J-32TEM, and the instant case, 3:09-cv-328-J-32TEM.

settlement of her loan. (Doc. 9 ¶ 35; Doc. 9 Ex. 2). The Good Faith Estimate states that, "The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 or HUD-1A settlement statement that you will be receiving at settlement. The HUD-1 or HUD-1A settlement statement will show you the actual cost for items paid at settlement." (Doc. 9 Ex. 2).

On or about October 27, 2006, Mrs. Phan closed on the mortgage loan transaction at DHI Title. (Doc. 9 ¶ 37).[2] Mrs. Phan claims that during the closing, she was presented with and requested to sign a large stack of confusing loan documents that had never been shown to her prior to closing. (Doc. 9 ¶ 38). After signing the documents; closing on the transaction; and later inspecting her settlement, loan, and mortgage documents, Mrs. Phan identified differences between the terms presented

---

[2] In its motion to dismiss, Vericrest claims that the transaction closed on or about October 26, 2006 (not October 27, 2006 as the Phans pled) and has provided the Court with a copy of the loan note and mortgage in support of this claim. (Doc. 22 at 3; Doc 22 Ex. A, B) "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). See also SFM Holdings, LTD. v. Banc of Am. Sec.,LLC, 2010 WL 1068230 (11th Cir. Mar. 25, 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."). In this case, whether the transaction closed on October 26, 2006 or October 27, 2006 is not significant to the Court's analysis of the Phans' claims or Vericrest's motion to dismiss. However, the note and mortgage reveal that Mr. Phan did not sign any documents involved in the transaction at issue. The significance of this fact is discussed infra.

in the previous Good Faith Estimate and those contained in the documents signed during the closing. (Doc. 9 ¶¶ 45-51).

At some point after Mrs. Phan recognized that her loan was "differ[ent] than [what] they promised," Mrs. Phan informed a representative of defendant Accredited Home Lenders that she wanted to cancel the transaction. (Doc. 9 ¶ 63). According to Mrs. Phan, defendant Accredited Home Lenders informed her that in exchange for a "substantial amount" she could cancel the transaction. (Id.). Not wanting to pay this "substantial amount," the Phans initiated this litigation against a wide range of defendants who are or have been associated with the subject transaction and/or its servicing or reporting since the original negotiations in September 2006.[3] (Doc.1).

On May 5, 2009, the Phans filed a twelve count Amended Complaint. (Doc. 9). The Phans allege that Vericrest, one of the named defendants, took assignment of the mortgage loan at issue in April 2007. (Doc. 9 ¶ 65). To the extent it is implicated, Vericrest moves to dismiss each count of the Amended Complaint.[4]

─────────────────────

[3]As previously noted, since February 2007, Mr. and/or Mrs. Phan have filed fifteen cases in the United States District Court for the Middle District of Florida. A review of the Phans' filings reveals the Phans' previous reliance on theories of relief similar to those presented in this litigation.

[4]Since initiating this litigation, the Phans have settled their claims as to defendants Equifax, Inc. and Experian Information Solutions, Inc. (See Docs. 32 and 39). Additionally, the Phans' efforts to pursue claims against defendant Accredited Home Lenders Holding Co. have been stayed due to Accredited's filing of a petition in bankruptcy. (See Doc. 46).

## III. Discussion

### A.) Mr. Phan has failed to state a claim upon which relief may be granted.

The caption of this case names both Mrs. Phan and Mr. Phan as plaintiffs in the actions against the defendants. The Amended Complaint and the proposed Second Amended Complaint[5] make clear that the Phans' claims are rooted in interactions that took place with defendants during the negotiation and closing of the mortgage loan transaction in October 2006. Vericrest contends (Doc. 22 at 4-6) and the Phans do not dispute that only Mrs. Phan executed the loan and mortgage documents at the heart of the Amended Complaint and proposed Second Amended Complaint. As Mr. Phan was not a party to the loan and mortgage contracts at issue and has not adequately pled an injury resulting from Vericrest's alleged conduct, there is no basis for Mr. Phan's involvement in the case. Although in his pro se capacity Mr. Phan has the ability to represent himself in matters before this Court, he lacks the ability to prosecute claims in federal court on behalf of other persons such as Mrs. Phan. See 28 U.S.C. § 1654; Wheat v. United States, 486 U.S. 153, 159 (1988); Guajardo v. Luna, 432 F.2d 1324 (5th Cir. 1970). Accordingly, in the Amended Complaint, Mr. Phan has failed to state a claim upon which relief may be granted.

_____

[5]The Plaintiffs' Second Amended Complaint and Demand for Jury Trial is attached as Exhibit A to Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 71) which was filed with this Court on January 19, 2010. The Court addresses that motion in this Order.

**B.)     Counts One, Two, Four, and Five of the Amended Complaint are barred by the passage of time.**

Count One of the Phans' Amended Complaint alleges Truth in Lending Act (TILA) violations.  Particularly, the Phans claim that the defendants "fail[ed] to deliver all material disclosures prior to consummation of the transaction" and failed to make required disclosures "incident to the extension of credit" clearly and conspicuously in writing.  (Doc. 9 at 25-26).  Such allegations stemming from the mortgage closing, even taken as true, do not implicate Vericrest as Vericrest did not become involved with Mrs. Phan's mortgage transaction until April 2007.  (Doc. 9 ¶ 65).

Moreover, "[t]o bring an affirmative [TILA] action against a creditor for statutory damages, the debtor must bring the action 'within one year from the date of the occurrence of the violation.'"  In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984) (quoting 15 U.S.C. § 1640(e) (1979))[6].  The violation occurs when the transaction is consummated.  Id.

In this case, Mrs. Phan consummated the transaction by signing the loan, mortgage, and settlement documents during the October 2006 closing.  The Phans did not initiate this TILA claim until they filed their complaint on April 10, 2009.  As the applicable one year statutory period expired prior to the filing of the Phans' complaint,

---

[6]Although the cited text from In re Smith quotes the 1979 version of 15 U.S.C. § 1640(e), the current statutory language of § 1640(e) still requires that TILA actions of the type alleged in this case be brought within one year from the date of the occurrence of the violation.  See 15 U.S.C. § 1640(e) (2009).

the Court finds that the Phans are barred from bringing their Count One TILA claim against Vericrest.[7]

Count Two of the Amended Complaint alleges that Vericrest violated the Real Estate Settlement Procedures Act (RESPA). 12 U.S.C. § 2607. (See Doc. 9 at 27-29). Actions under 12 U.S.C. § 2607 must be brought within one year from the date of the occurrence of the violation. 12 U.S.C. § 2614 (2009). Here, any alleged violations of § 2607 would have taken place during the October 2006 closing of the loan and mortgage transaction. The Phans did not intiate their RESPA claim with the Court until April 2009, well after the expiration of the statutory period. Accordingly, the Court finds that the Phans' Count Two RESPA claims are expired.[8]

―――――――――――

[7]Vericrest notes (Doc. 22 at 7-8) that in some circumstances, the statutory period may be equitably tolled. However, the Amended Complaint (Doc. 9) and the proposed Second Amended Complaint (Doc. 71 Ex. A), even when taken in the light most favorable to the Phans, do not allege facts which justify equitable tolling in this case. Further, the Phans' arguments regarding equitable tolling contained in the Response in Opposition are also without merit. Additionally, even if, as the Phans allege, Vericrest is liable as a "purchaser or assignee of the mortgage," the alleged TILA violations supporting the claim are still traceable, for statute of limitations purposes, to the October 2006 closing. Finally, to the extent that the Phans seek recission as a remedy for TILA violations, Vericrest observes that TILA exempts residential mortgage transactions from its recission remedy. See 15 U.S.C. § 1635(e)(1) (2009); Heuer v. Forest Hill State Bank, 728 F. Supp. 1199, 1200-01 (D. Md. 1989) ("[I]t is clear that the Congress did not intend the recission obligation. . . to extend to a loan whose predominant purpose is to enable the borrower to acquire. . . a new residential structure.").

[8]Again, Vericrest notes (Doc. 22 at 9) that a RESPA claim may be equitably tolled. However, neither the Amended Complaint, the proposed Second Amended Complaint, nor the Response in Opposition allege facts which justify equitable tolling

Count Four of the Amended Complaint alleges that Vericrest violated the Equal Credit Opportunity Act (ECOA).  15 U.S.C. § 1691(a), (d).  (Doc. 9 at 30-31).  Pursuant to 15 U.S.C. § 1691e(f),  "[n]o such [ECOA] action shall be brought later than two years from the date of the occurrence of the violation. . . ."  In this case, any ECOA violation would have occurred before or at the October 2006 closing.  As the statutory period associated with this ECOA claim has expired, the Court finds that Count Four is barred.

Count Five of the Amended Complaint alleges that Vericrest violated the Fair Housing Act (FHA). (Doc. 9 at 31-32).  Mrs. Phan asserts that she was discriminated against on the basis of her race during the negotiation and consummation of the underlying real estate-related transaction.  (Id.).  She claims that such discrimination was in violation of 42 U.S.C. § 3605(a).  (Id.).

"An aggrieved person may commence a civil action in an appropriate United States district court. . . not later than 2 years after the occurrence. . . of an alleged discriminatory housing practice. . . to obtain appropriate relief with respect to such discriminatory housing practice. . . ."  42 U.S.C. § 3613(a)(1)(A).  Here, Mrs. Phan alleges that the discrimination  occurred at or before loan origination.  (Doc. 9 at 31).  However, Mrs. Phan did not raise this claim with this Court until the filing of her

_____

in this case.  Accordingly, the Court finds that the Phans' arguments of equitable tolling are without merit.

9

Amended Complaint on May 5, 2009.[9]  Accordingly, the Court finds that the Phans'

Count Five FHA claim is time barred.

**C.)  The Homeownership and Equity Protection Act referenced in Count Three of the Amended Complaint does not apply to this case.**

In Count Three of the Amended Complaint, the Phans allege that Vericrest has

violated the Homeownership and Equity Protection Act (HOEPA).  (Doc. 9 at 29-30).

HOEPA states that "[a] mortgage referred to in this subsection means a consumer

credit transaction that is secured by the consumer's principal dwelling, *other than a*

*residential mortgage transaction* . . . ." 15 U.S.C. § 1602(aa)(1) (2009) (emphasis

added).  "The term 'residential mortgage transaction' means a transaction in which a

mortgage . . . is created or retained against the consumer's dwelling to finance the

acquisition or initial construction of such dwelling."  15 U.S.C. § 1602(w) (2009).

The Phans admit that the loan was used and the mortgage given to purchase

their primary residence.  (Doc. 9 at 6-7). Because the transaction at issue is a

residential mortgage transaction, HOEPA is inapplicable.  Accordingly, in Count

Three, the Phans have failed to state a claim upon which relief may be granted.[10]

_____

[9]This would still be true if the Amended Complaint relates back to the filing of the original complaint on April 10, 2009.

[10]Even if, as the Phans contend, HOEPA applied to the transaction at issue, Count Three would be time barred.  <u>See</u> 15 U.S.C. § 1640(e) (2009).

**D.)** **Mrs. Phan's Fair Credit Reporting Act claim in Count Six states a claim.**

In Count Six of the Amended Complaint, the Phans contend that Vericrest violated the Fair Credit Reporting Act (FCRA). Specifically, the Phans allege that Vericrest violated provisions of 15 U.S.C. § 1681s-2 by "furnishing inaccurate or incomplete credit information about Mrs. Phan to each of the consumer reporting agencies when it knew or consciously avoid[ed] knowing the disputed information was in fact inaccurate or incomplete"; "failing to conduct a reasonable investigation with respect to that disputed information when Defendant [was] contacted by Defendants Equifax, and Experian"; and "failing to correct, modify and update the inaccurate or incomplete credit information made by Defendant . . . ." (Doc. 9 at 32-33).

In its motion to dismiss, Vericrest argues that Exhibit 4 to the Amended Complaint, a communication between non-party TransUnion and Mrs. Phan, demonstrates that as of April 2009, Mrs. Phan's account with Vericrest was being reported with no adverse information to consumer credit reporting agencies. (Doc. 9 Ex. 4; Doc. 22 at 14). According to Vericrest, the absence of any adverse credit reporting information in Exhibit 4 of the Amended Complaint invalidates the Phans' claims under the FCRA. (Doc. 22 at 14). However, in the Response in Opposition, the Phans have renewed their contention that TransUnion has continued to report adverse information regarding Mrs. Phan's Vericrest account. (Doc. 29 at 16-17). In support of this allegation, the Phans attached a TransUnion credit report, more

11

current than the one attached as Exhibit 4 to the Amended Complaint, that reveals adverse information about Mrs. Phan's Vericrest account.  (Doc. 29 Ex. 13).  Given the ongoing discrepancies concerning the  information being exchanged between parties regarding Mrs. Phan's Vericrest account, the Court determines that Mrs. Phan has stated a claim under FCRA.

### E.) The Phans' Fair Credit Billing Act claim in Count Seven fails as the transaction at issue is not an open end credit plan.

In Count Seven of the Amended Complaint, the Phans allege that Vericrest violated provisions of the Fair Credit Billing Act (FCBA).  (Doc. 9 at 34-35) The FCBA and its implementing regulation, "Regulation Z," create duties in a creditor to communicate with a consumer and resolve billing differences.  Jeffries v. Dutton & Dutton, P.C., No. 05 C 4249, 2006 WL 1343629, at *6 (N.D. Ill. May 11, 2006).  Here, as in Jeffries, the Phans allege that Vericrest violated 15 U.S.C. § 1666 by negatively reporting Mrs. Phan's information to a credit reporting agency after receiving notice of dispute from Mrs. Phan but before fulfilling its statutory duties to timely investigate, correct, or explain disputed charges.  See Jeffries, 2006 WL 1343629 at *6; (Doc. 9 at 35).  However, the FCBA's billing error section, 15 U.S.C. § 1666, applies solely to creditors of open end credit plans.  Jeffries, 2006 WL 1343629 at *6 (citing 15 U.S.C. § 1602(f)); Roybal v. Equifax, 405 F. Supp.2d 1177, 1180 (E.D. Cal. 2005).  An open end credit plan means a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which

provides for a finance charge which may be computed from time to time on the outstanding unpaid balance.  15 U.S.C. § 1602(I) (2009).

In this case, as in <u>Jeffries</u> and <u>Roybal</u>, there is no allegation in the Amended Complaint that the creditor, Vericrest, or, for that matter, the Phans or any other party reasonably contemplated repeated transactions beyond the initial mortgage loan provided to Mrs. Phan.  Thus, because Mrs. Phan's home loan is not an open end credit plan, the Phans' Count Seven claim related to billing errors under the FCBA must be dismissed.  <u>Jeffries</u>, 2006 WL 1343629 at *6.

**F.)  Counts Eight and Nine of the Amended Complaint are dismissed as abandoned.**

In Count Eight of the Amended Complaint, the Phans allege that Vericrest somehow violated the Credit Repair Organizations Act (CROA), particularly 15 U.S.C. § 1679b.  (Doc. 9 at 36). In its motion to dismiss, Vericrest rejects the applicability of CROA.  (Doc. 22 at 14).  The Phans' Response in Opposition is silent as to Count Eight of the Amended Complaint and the application of CROA to Vericrest. Additionally, the Phans' proposed Second Amended Complaint does not re-plead any CROA violations.  Accordingly, the Court holds that Count Eight of the Amended Complaint should be dismissed as abandoned. <u>See</u> <u>Abolition of Marijuana Prohibition v. City of Atlanta</u>, 219 F.3d 1301, 1326 (11th Cir. 2000); <u>Hooper v. City of Montgomery</u>, 482 F.Supp.2d 1330, 1334 (M.D. Ala. 2007) (stating a plaintiff's failure to respond to claims in a defendant's motion to dismiss counts of the complaint results in dismissal

13

of the claims as abandoned).

Count Nine of the Amended Complaint alleges that Vericrest violated the Florida Mortgage Brokerage and Lending Act. (Doc. 9 at 36-37). In its motion to dismiss, Vericrest argues that the Florida Statutes referenced in Count Nine, Fla. Stat. §§ 494.0078-494.00797, do not provide a private cause of action as administration and enforcement rests solely with the Florida Financial Services Commission and the Office of Financial Regulation. (Doc. 22 at 15-16) (citing Fla. Stat. § 494.00795(1)(a)).

As with the claims in Count Eight, the Phans' Response in Opposition is silent as to the Florida state law claims in Count Nine of the Amended Complaint. Also, the Phans' proposed Second Amended Complaint does not re-plead the particular Florida state law claim raised in Count Nine of the Amended Complaint. Count Nine should be dismissed as abandoned.

### G.) Counts Ten, Eleven, and Twelve should be dismissed for failure to state claims upon which relief may be granted.

In Count Ten, the Phans allege that Vericrest, among other defendants, fraudulently misrepresented terms or other transaction details before, during, or after the October 2006 loan closing. (Doc. 9 at 37-38). The Phans' Amended Complaint contains only ambiguous, blanket accusations of misrepresentations regarding the mortgage transaction,

> including but not limited to promising Mrs. Phan mortgage terms that they had no intention of providing, increasing her interest rate due to the payment of the yield spread

14

premium without informing her, providing a loan with a prepayment penalty without inform[ing] her, charg[ing] and collect[ing] unearned closing fees without disclosure to her, and inflating her income to qualify her for a loan that provided little or no benefit to her. . . .

(Doc. 9 at 38).

To state a cause of action for fraudulent misrepresentation in Florida, a plaintiff is required to allege: (1) a misrepresentation of a material fact; (2) which the person making the misrepresentation knew to be false; (3) that the misrepresentation was made with the purpose of inducing another person to rely upon it; (4) that the person relied on the misrepresentation to his detriment; and (5) that this reliance caused damages. Romo v. Amedex Ins. Co., 930 So.2d 643, 650-51 (Fla. 3d DCA 2006). In federal court, even state law fraud claims are subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirements, which require a complaint to "state with particularity the circumstances constituting fraud." Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008). Fed. R. Civ. P. 9(b) serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) (internal citation and quotation omitted). When pleading fraud, the plaintiff generally should specifically identify the individuals who made the alleged misrepresentations, the time of the alleged fraud, and the place of

15

the alleged fraud.  Raber v. Osprey Alaska, Inc., 187 F.R.D. 675, 680 (M.D. Fla. 1999).

Here, Vericrest contends and the Court agrees that Count Ten of the Amended Complaint is devoid of any misrepresentation of material fact by Vericrest to Mrs. Phan.  (Doc. 22 at 16-17). Even taking the above-quoted allegations as true, those allegations involve statements or misrepresentations made before or during the October 2006 loan closing.  Mrs. Phan concedes that Vericrest did not become involved with her loan transaction until April 2007, approximately six months later. (Doc. 9 ¶ 65). Additionally, the Response in Opposition does nothing to clarify the confusion surrounding the fraudulent misrepresentations alleged in Count Ten.  Nor does the Phans' proposed Second Amended Complaint provide further particularity. Accordingly, the Court holds that the Phans have failed to meet the elements and pleading standards required to maintain a cause of action for fraudulent misrepresentation against Vericrest.   Therefore, Count Ten of the Amended Complaint is dismissed.

In Count Eleven of the Amended Complaint, the Phans allege that Vericrest and other defendants engaged in innocent or negligent misrepresentation by making a "representation of one or more material facts, including but not limited to the specific terms of the mortgage transaction such as a fixed interest rate and a lower mortgage payment and that she would be required to pay a substantial amount to cancel the

transaction."  (Doc. 9 ¶ 220).

As in Count Ten, Vericrest contends and the Court agrees that the Phans have failed to allege any misrepresentation on the part of Vericrest.  All the behavior complained of in Count Eleven took place before Vericrest became involved in the transaction.  Additionally, Count Eleven, as pled, does not identify any misrepresentation.  It merely states that representations of one or more material facts were made by "Defendants Accredited Home Lenders, Vericrest Financial, and Home Funds Direct, Inc."  (Doc. 9 ¶ 220). As neither the Response in Opposition nor the proposed Second Amended Complaint clarify the ambiguity surrounding Count Eleven, the Court finds that Count Eleven of the Amended Complaint fails to state a cause of action upon which relief may be granted.

Count Twelve of the Amended Complaint alleges that Vericrest and defendants Accredited Home Lenders and Home Funds Direct, Inc. were involved in a civil conspiracy.  (Doc. 9 at 39-40). The crux of the Phans' claim is that the defendants, including Vericrest, "acted in concert pursuant to a common design to and plan to induce Mrs. Phan to enter into this mortgage transaction which had little or no benefit to her, including but not limited to providing the funding for the scheme."  (Doc. 9 ¶ 226). In Florida, the elements of a civil conspiracy are: (a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff

as a result of the acts performed pursuant to the conspiracy.  <u>Walters v. Blankenship</u>, 931 So.2d 137, 140 (Fla. 5th DCA 2006) (internal citation omitted).  The Phans have alleged merely that the defendants collaborated in the process of arranging and providing funding to Mrs. Phan for the purchase of the Phans' condominium.  The fact that the defendants arranged for financing which proved more costly than Mrs. Phan initially envisioned does not raise defendants' behavior to the level of unlawfulness necessary to support a valid claim for the existence of a civil conspiracy.  Further, the Response in Opposition and the proposed Second Amended Complaint both fail to provide additional insight as to what, if any, behavior evidenced the civil conspiracy.  Ultimately, Count Twelve of the Amended Complaint is exactly the type of naked assertion devoid of factual enhancement that will not do.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949 (citation and quotation omitted).  Accordingly, Count Twelve of the Amended Complaint is dismissed.

**H.)    The Phans' proposed Second Amended Complaint.**

As stated previously, the Phans filed the Plaintiffs' Motion for Leave to File Second Amended Complaint on January 10, 2010.  (Doc. 71).  The Phans attached their proposed Second Amended Complaint and Demand for Jury Trial as  Exhibit A to their motion.  A review of the proposed Second Amended Complaint reveals that the Phans seek to add new parties as defendants, re-plead several of the claims presented in their Amended Complaint (Doc. 9), and plead for the first time several

additional causes of action stemming from the same 2006 mortgage transaction. (See Doc. 71 Ex. A). Given the overlap of claims contained in the Amended Complaint and the proposed Second Amended Complaint, the lack of merit in most of the Amended Complaint, and the Court's reservations about permitting new defendants at this late date in the litigation, the Court is not inclined to grant the Plaintiffs' Motion for Leave to File Second Amended Complaint.

The Court recognizes that leave to amend a complaint shall be freely given when justice so requires. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."). However, "[t]he liberal amendment rules of Fed. R. Civ. P. 15(a) do not require that the courts indulge in futile gestures." DeLoach v. Woodley, 405 F.2d 496, 496-97 (5th Cir. 1968). Thus, where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. Id. at 497.

In their proposed Second Amended Complaint, the Phans attempt, through vague allegations, to join additional parties to this litigation and raise new theories of legal liability. Despite these new parties and new legal theories, the underlying substance of the Phans' allegations has not changed. While the Court previously stated that the Phans would not be barred from seeking to file a further amended

complaint (See Doc. 67 at 3), the Phans' efforts to do so, as illustrated by their proposed Second Amended Complaint, demonstrate that any such filing would be little more than a futile gesture designed to unnecessarily perpetuate this litigation. Under these circumstances the Court need not grant leave to amend and thereby sanction the unwarranted expenditure of judicial resources. See Grayson v. K Mart Corp., 79 F.3d 1086, 1110 (11th Cir. 1996) (stating that in determining whether to grant leave to amend, a court may consider, among other things, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, and the futility of the amendment).

## IV.  Conclusion

Accordingly, it is hereby:

**ORDERED:**

**1**.	Defendant Vericrest Financial, Inc.'s Motion to Dismiss (Doc. 22) is **GRANTED as to Counts One, Two, Three, Four, Five, Seven, Eight, Nine, Ten, Eleven, and Twelve.**  The Phans' claims against Vericrest contained within those counts are dismissed with prejudice.

**2**.	Defendant Vericrest Financial, Inc.'s Motion to Dismiss (Doc. 22) as to Count Six is **GRANTED as to Mr. Phan** but is **DENIED as to Mrs. Phan.**  Vericrest must file an answer to Count Six no later than **April 19, 2010**.

**3.** Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 71) is **DENIED.**

**4.** Because the Court's ruling significantly limits the scope of this litigation, plaintiffs' motion to compel (Doc. 72) is **DENIED**. For the same reason, plaintiffs' motion for order to show cause (Doc. 69) is **DENIED** and the subpoenas that are the subject of the motion for order to show cause are **quashed** (the Court additionally notes that those subpoenas fail to meet the requirement of Fed. R. Civ. P. 45(b)(1) which requires service by a non-party). Plaintiffs' motions for leave to file replies regarding these motions (Docs. 80 and 81) are **DENIED as moot**.

**5.** The Court will extend the discovery deadline by 45 days (until **May 14, 2010**) to accommodate the need for any additional limited discovery on Count Six. Dispositive motions must be filed and served by **June 14, 2010** (responses are due **July 9, 2010**) and must comply with all Local Rules. All other terms and deadlines in the Court's August 14, 2009 Case Management and Scheduling Order (Doc. 41), including the September 7, 2010 trial term, remain in effect. The parties may wish to consider re-engaging with the Mediator. The Phans are advised that as Mr. Phan is no longer a party to this action, he may no longer appear in this case. Mrs. Phan must represent herself pro se or retain counsel.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of March, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

smm.
Copies to:

Counsel of Record
Pro se parties

Alexandra K. Hedrick, Esq. (Mediator)